UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE
2004 MAR 16  P 12: 13
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| JOSE RAMIREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 03-40281-NMG |
| ) | |
| STEVEN J. O'BRIEN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

The respondent, Steven J. O'Brien, respectfully submits this memorandum of law in support of his motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Jose Ramirez. The petition should be dismissed as unexhausted because Ramirez never presented the claim in Ground One to Massachusetts's highest court. Moreover, no relief can be granted on a habeas petition containing claims that were not fairly presented to the Commonwealth's highest tribunal. 28 U.S.C. § 2254(b)(1). Consequently, unless Ramirez elects to voluntarily delete Ground One from his petition, his petition must be dismissed in its entirety. Rose v. Lundy, 455 U.S. 509, 522 (1982); 28 U.S.C. § 2254(b)(1).

### Prior Proceedings

On December 21, 1998, Ramirez was convicted of trafficking in 200 or more grams of cocaine. See Commonwealth v. Ramirez, 55 Mass. App. Ct. 224, 770 N.E.2d 30 (2002). Ramirez timely appealed to the Massachusetts Appeals Court, which affirmed his conviction. Id. Ramirez then filed an Application for Further Appellate Review (his "ALOFAR") with the

Massachusetts Supreme Judicial Court (the "SJC"). Ramirez raised two objections in his ALOFAR. [Exhibit A hereto]. First, he complained that the trial court wrongly admitted into evidence business cards and a health club receipt that had been found in Ramirez's wallet. [Exh. A at 7]. According to Ramirez, the documents were inadmissible hearsay. [Id. at 7-12]. In his ALOFAR, Ramirez did not argue that admission of these documents violated any federal law or his federal constitutional rights. [Id.] Second, Ramirez also claimed that the police failed to give him a *Miranda* warning before asking him his name. [Id. at 12]. This objection was raised as a constitutional issue. [Id.]

On September 6, 2002, the SJC denied further review. Commonwealth v. Ramirez, 437 Mass. 1108, 774 N.E.2d 1099 (2002) (table). This habeas petition followed.

### The Instant Federal Habeas Petition

Ramirez's habeas petition contains two grounds for relief. Ground One of the petition avers that the admission of the business cards and health club receipt violated Ramirez's "Sixth Amendment right to confront the witnesses against him." [Petition at ¶ 12A]. In Ground Two, Ramirez repeats the *Miranda* claim he raised in state court. [Id. at ¶ 12B]. As detailed below, because Ramirez failed to present the federal nature of Ground One to the SJC, Ramirez's petition is unexhausted. The petition therefore should be dismissed.

### Argument

**A.   Ramirez Was Required to Exhaust His State-Court Remedies Before Filing This Petition.**

It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim

contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). See also Picard v. Connor, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254(b)(1)-(2). In addition to ensuring that state courts have the first opportunity to correct their own federal constitutional errors, the exhaustion requirement enables federal courts to accord appropriate respect to the sovereignty of the states and thus promotes comity by "minimiz[ing] friction between our federal and state systems of justice...." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). See also Rose, 455 U.S. at 518 (reiterating importance of exhaustion doctrine); Mele v. Fitchburg District Court, 850 F.2d 817, 819 (1st Cir. 1988) (same).

To satisfy the exhaustion requirement, the petitioner bears the "heavy burden" of showing that he "fairly presented the substance of his federal habeas claims to the state court before seeking federal review." Adelson, 131 F.2d at 262; Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987). It is not enough for the petitioner to set forth the factual basis for his claims; he must also "elucidate the legal foundation of his federal claim" in such a way that its "federal quality" is "readily apparent" to the state court. Adelson, 131 F.2d at 262; Nadworny v. Fair, 872 F.2d 1093, 1101 (1st Cir. 1989). In other words, the federal issue must be presented "face up and squarely" to the "state's highest tribunal." Mele, 850 F.2d at 820, 823 (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). As set forth below, Ramirez cannot meet this heavy burden with respect to Ground One. Adelson, 131 F.2d at 262.

Finally, *every* claim must have been exhausted. Rose, 455 U.S. at 522; O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). If a petition is "mixed" – that is, contains both exhausted

and unexhausted claims – it must be dismissed.[1]  Rose, 455 U.S. at 522; Adelson, 131 F.3d at 261-62; Martens, 836 F.2d at 717-18.  Because Ground One is unexhausted, the petition must be dismissed.

### B. Ramirez Tendered Ground One to the SJC Purely as a State Evidentiary Objection.

In Ground One of the petition, Ramirez alleges that the admission of his business cards and health club receipt violated his "Sixth Amendment right to confront the witnesses against him." [Petition at ¶ 12A].  While it appears that the factual underpinnings of Ground One were presented to the state court, Ramirez's arguments below were predicated entirely on Massachusetts law.  In challenging the admission of the documents in the SJC, Ramirez did not invoke any constitutional rights or proscriptions. [See Exh. A at 7-12].  He did not evaluate any constitutional amendments, advance any constitutional theories, make any constitutional analogies or do anything else to "fairly and recognizably present[] to the state courts ... the legal bases of [a] federal claim." Adelson, 131 F.2d at 262.  Indeed, while Ramirez now contends that the documents abridged his right to confront witnesses, he made no such argument (in constitutional terms or not) when he was before the SJC. [See Exh. A].  The issue of "confronting witnesses"

---

[1] Prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), failure to exhaust all claims in state court required dismissal of the entire petition.  Under AEDPA, a court confronted with unexhausted claims may, in its discretion, either dismiss the entire petition as unexhausted or deny (but not grant) the petition on the merits.  See 28 U.S.C. § 2254(b)(1)-(2) ("[a]n application for a writ of habeas corpus may be *denied* on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State") (emphasis added).  The Court may not, however, dismiss the unexhausted claims and proceed to the merits of the exhausted claims.  See, e.g., O'Sullivan, 526 U.S. at 842-48 (reviewing exhaustion requirements under AEDPA and concluding that petitioner must properly exhaust his state-court remedies with respect to all claims in the habeas writ; affirming dismissal of petition containing unexhausted claims).

4

appears nowhere in Ramirez's ALOFAR. [Id. at 7-9].

Instead, Ramirez simply argued that the documents were inadmissible hearsay. [Id.] He explained why the material was "unlawful hearsay," and how the state allegedly used the documents to prove Ramirez had ties to New York City. [Id. at 7-10]. For example, Ramirez very clearly argued that the business cards contained "double hearsay" and then alleged that the cards had been introduced to show that Ramirez conducted business in New York. [Id. at 7-9]. Similarly, Ramirez maintained that the health club receipt was "inadmissible hearsay" because the state utilized it prove that Ramirez had joined a health club in New York. [Id. at 10].

In so advocating, Ramirez relied on cases that examined the admissibility of hearsay under state-law principles and the Federal Rules of Evidence. See, e.g., Commonwealth v. Esteves, 429 Mass. 636, 710 N.E.2d 963 (1999) (applying Massachusetts law to admission of hearsay testimony; no constitutional dimension to case); United States v. Vigneau, 187 F.3d 70, 74-78 (1st Cir. 1999) (considering business records exception to hearsay rule under Federal Rules of Evidence; straightforward evidentiary question not analyzed on constitutional grounds), cert. denied, 528 U.S. 1172 (2000); United States v. Patrick, 959 F.2d 991, 999-1001 (D.C. Cir. 1992) (examining admission of sales receipt pursuant to Fed. R. Evid. 803; no mention of United States Constitution, Sixth Amendment or other constitutional rights); Commonwealth v. Seminara, 20 Mass. App. Ct. 789, 483 N.E.2d 92 (1985) (reviewing admission of photograph for harmless error under Massachusetts law; specifically relying on Commonwealth v. Daye, 393 Mass. 55, 469 N.E.2d 483 (1984), which is based on Massachusetts common law).[2]

---

[2] Indeed, in two of these decisions, the court explicitly stated that it was not undertaking any kind of constitutional analysis. See Esteves, 429 Mass. at 639 n.4, 710 N.E.2d at 965 n.4; Vigneau, 187 F.3d at 77. Clearly, citing decisions which expressly do *not* have a constitutional

5

Finally, Ramirez can find no solace in the three federal cases that he *did* cite in this section of his SJC brief. [See Exh. A at 9, 10, 11]. As discussed above, Vigneau and Patrick involved the admissibility of hearsay under the Federal Rules of Evidence. Vigneau, 187 F.3d at 74-78; Patrick, 959 F.2d at 999-1001. They did not address the right to confront witnesses or any other aspect of the Sixth Amendment. Id. These cases therefore could not "elucidate" Ramirez's alleged constitutional claim so that its "federal quality" was "readily apparent" to the state court. Adelson, 131 F.2d at 262; Nadworny, 872 F.2d at 1101.

Ramirez mentioned his third federal case in a string cite concerning the application of a harmless error test. [See Exhibit A at 10, citing Schneble v. Florida, 405 U.S. 427 (1982)]. First, the mere mention of a harmless error test does not ring any constitutional bells because such tests are applied to both constitutional and non-constitutional trial errors. See, e.g., Esteves, 429 Mass. 636, 710 N.E.2d 963; Seminara, 20 Mass. App. Ct. at 796-98, 483 N.E.2d at 96 ("[H]armless error beyond a reasonable doubt is a useful and practical concept," not a constitutional one); Vigneau, 187 F.3d at 76-78 (applying harmless error beyond all doubt to hearsay evidence that was admitted in violation of Federal Rules of Evidence); Patrick, 959 F.2d at 1002 (applying harmless error test in accordance with Fed. R. Crim. P. 52(a)).

Moreover, Schneble had nothing to do with hearsay. Rather, it involved the admission of a co-defendant's confession in contravention of Bruton v. United States, 391 U.S. 123 (1968). See Schneble, 405 U.S. at 427-28. Plainly, citing one Supreme Court case involving a Bruton

---

dimension does nothing to "alert even the most perspicacious of jurists to the embedded constitutional claim." Adelson, 131 F.2d at 263. See also Casella v. Clemons, 207 F.3d 18, 21 (1st Cir. 2000) (petitioner alleged that jury instruction offended unanimity requirements in Maine's constitution; citations in state-court brief to federal case law that did not demand unanimity "underscored that [the petitioner] was pressing a purely state claim").

6

violation – and citing it as part of a "harmless error" discussion – was insufficient to alert the SJC to an alleged Sixth Amendment challenge to the admissibility of business cards and a health club receipt. See, e.g., Nadworny, 872 F.2d at 1101 ("[t]here is more to a petitioner's burden than simply citing a federal case or two"); Martens, 836 F.2d at 717 ("[o]blique references which hint that a theory may be lurking in the woodwork" insufficient to satisfy the exhaustion requirement).

Simply put, Ramirez's argument to the SJC contained none of the "trappings" generally associated with a federal claim, such as

> specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character and the like – [that] would in all likelihood alert a reasonable jurist to the existence of a federal question.

Nadworny, 872 F.2d at 110. Put even more simply, *when he was in the SJC, Ramirez never alleged that the admission of the documents contravened his Sixth Amendment rights.* [Exh. A at 7-12]. Because the federal nature of this claim was not presented to the SJC "squarely and face up" – indeed, was not presented at all – Ramirez failed to exhaust his state-court remedies with respect to Ground One. Martens, 836 F.2d at 717.

## Conclusion

For the foregoing reasons, the respondent respectfully requests that the Court dismiss Ramirez's petition for a writ of habeas corpus.

Dated: March 15, 2004

Respectfully submitted,

THOMAS F. REILLY,
ATTORNEY GENERAL

*Natalie S. Monroe*
Natalie S. Monroe (BBO# 562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2833

## Certificate of Service

I hereby certify that on March 15, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon counsel for the petitioner, Alan D. Campbell, Esq., P.O. Box 131, Brookline, Massachusetts 02446.

*Natalie S. Monroe*
Natalie S. Monroe