UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 APR 13  P 12: 28

| | |
|---|---|
| JOSE RAMIREZ,<br>    Petitioner,<br>v.<br><br>STEVEN J. O'BRIEN,<br>    Respondent. | CIVIL ACTION NO. 03-40281-NMG |

### PETITIONER'S OPPOSITION TO
### MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The Petitioner hereby opposes the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as both of the grounds presented in the petition have been fully exhausted. Moreover, even if this Court finds that Ground One — that the admission of hearsay violated the Petitioner's confrontation rights under the United States Constitution — has not been exhausted this Court should stay the proceedings to allow Petitioner to exhaust that issue rather than dismiss the petition.

    **A.**    **Both Ground One and Ground Two Are Exhausted.**

The Respondent admits that Ground Two of the petition has been exhausted, but argues that Ground One remains unexhausted. This argument fails because Ground Two meets the fair presentment requirement for exhaustion. The fair presentment rule requires that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan* v. *Henry*, 513 U.S. 364, 365, 130 L. Ed. 2d 865, 115 S. Ct. 887 (1995) *(per curiam)* (quoting *Picard* v. *Connor*, 404 U.S. 270, 275, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan, supra,* at 365-366, 130 L. Ed. 2d 865, 115 S. Ct. 887; *O'Sullivan* v.

*Boerckel*, 526 U.S. 838, 845, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999).

*Baldwin v. Reese*, 124 S.Ct. 1347, 1349 (2004).

"To carry this burden, the petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997), *citing Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994). There are numerous ways in which a Petitioner may have tendered his claim to the state court such that he will have met his fair presentment burden. For instance,

> If, in state court, a petitioner has 1) cited a specific constitutional provision, 2) relied on federal constitutional precedent, or 3) claimed a determinate right that is constitutionally protected, he will have employed a mechanism which significantly eases any doubt that the state courts have been alerted to the federal issue.

*Nadworny v. Fair*, 872 F.2d 1093, 1097 (1st Cir. 1989). In the instant case, the Petitioner meets his fair presentment burden because he has cited to a specific federal constitutional provision and has relied on federal constitutional precedent.

In Ground Two, the Petitioner claims that the admission of certain hearsay violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (as made applicable to the states by the Fourteenth Amendment). The Massachusetts Appeals Court agreed with the Petitioner that the hearsay evidence should not have been admitted, but found that the error was not "prejudicial." (Respondent's Exhibit A at 19). In his Application for Leave to Obtain Further Appellate Review to the Massachusetts Supreme Judicial Court, the Petitioner claimed that the Appeals Court had applied the wrong standard of review to this issue (Id. at 7). The Petitioner argued that rather than apply the "general standard of prejudicial error",

the Appeals Court should have applied the test for federal constitutional errors: whether the error was harmless beyond a reasonable doubt. (Id. at 10-11).

In arguing that the proper standard was the federal constitutional harmless error standard of review, the Petitioner cited to the Sixth and Fourteenth Amendments to the United States Constitution and cited *Schneble v. Florida*, 405 U.S. 427, 432 (1982), for the proposition that the erroneous admission of hearsay requires the constitutional standard of whether the error was harmless beyond a reasonable doubt. The citations just listed would have alerted a "reasonable jurist ... "to the existence of the federal question." *Adelson*, 131 F.3d at 262.

*Schneble* involved the erroneous admission of a co-defendant's statement. *Schneble*, 405 U.S. at 427-28. The portion of the case cited by the Petitioner discusses *Bruton v. United States*, 391 U.S. 123 (1968), and *Chapman* v. *California*, 386 U.S. 18, 24 (1967). Both cases are well-recognized examples of federal black letter law. In *Bruton*, the Supreme Court held that the admission of a co-defendant's hearsay confession violated defendant's right to cross-examine under the Confrontation Clause of the Sixth Amendment. *Bruton*, 391 U.S. at 126. *Chapman* stands for the familiar rule that "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Champman*, 386 U.S. at 24. Likewise, direct citation to the Sixth and Fourteenth Amendments should raise a flag for the court that there is a federal issue before it.

Even without using the words confrontation rights, the federal nature of his claim was clear. Given the citation to a federal cases dealing with Confrontation Clause issues, the citation to a federal case discussing the standard of review for constitutional errors, and the citation to the Sixth and Fourteenth Amendments, any reasonable jurist should have been alerted to the federal

3

nature of the petitioner's claim and thus he has met his burden of fair presentment. *Adelson*, 131 F.3d at 262.

### B. If Ground One Is Not Exhausted Dismissal Is Not Required, but Rather a Stay to Allow for Exhaustion Would Be Appropriate.

As just argued, the Petitioner believes that he has fully exhausted all of the grounds raised in his timely-filed petition. However, if this Court agrees with the Respondent that Ground One was not exhausted, then the Petitioner asks that this Court stay the proceedings to allow him to exhaust his claim. This Court has the authority to retain jurisdiction on the petition and stay the proceedings while the Petitioner presents a new claim to the state court. *Nowaczyk v. Warden*, 299 F.3d 69, 70 (1st Cir. 2002).

In rejecting a claim that *Rose v. Lundy*, 455 U.S. 509, 522 (1982) required dismissal of all mixed petitions, the First Circuit indicated that not only does the District Court have the authority to issue a stay, but that the grant of a stay to allow for complete exhaustion is often the preferred course of action:

> district courts presented with mixed petitions should take seriously any request for a stay. In *Neverson v. Bissonnette*, 261 F.3d 120, 126 n.3 (1st Cir. 2001), we noted that "the petitioner could have improved his position by requesting that the district court stay, rather than dismiss, Petition No. 1. Post-AEDPA, this will be the preferable course in many cases involving 'mixed' petitions — and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack." We reiterated that view in *Delaney v. Matesanz*, 264 F.3d 7, 13 n.5 (1st Cir. 2001), where we "especially commended" the use of stays "in instances in which the original habeas petition, though unexhausted, is timely filed, but there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely."

*Nowaczyk*, 299 F.3d at 79.

Similarly, Justice Stevens has written that "[I]n our post-AEDPA world there is no reason

4

why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so ..." *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (Stevens, J. concurring). *See also Zarvela v. Aruz*, 254 F.3d 374, 380 (2d Cir.), *cert denied sub nom, Fischer v. Zarvela*, 534 U.S. 1015 (2001) (concurrence by Stevens, J. mandates that the "only appropriate course in cases ... where an outright dismissal could jeopardize the timeliness of a collateral attack" is to stay further proceedings).

This case raises the concerns just discussed. Although the Petitioner timely filed the instant petition, the one year period has now passed. If the instant petition is dismissed, the second petition filed after exhaustion would be untimely as to Ground Two. Moreover, it would be in the interests of judicial economy to allow a state court an opportunity to grant the Petitioner relief, and thereby make the instant petition moot. In short, if this Court rejects the Petitioner's argument that Ground One is exhausted, there is every reason to retain jurisdiction of this petition and stay further proceedings pending the complete exhaustion of state remedies.

**WHEREFORE**, the Petitioner requests that this Court find that Ground One has been fully exhausted and deny the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. In the alternative, if this Court finds that Ground One has not been exhausted, the

Petitioner requests that this Court retain jurisdiction over the petition and stay further proceedings pending complete exhaustion of state remedies.

Respectfully submitted,<br>
JOSE RAMIREZ,<br>
By his attorney,<br>
<br>
_____<br>
Alan D. Campbell<br>
B.B.O. #634188<br>
P.O. Box 131<br>
Brookline, MA  02446<br>
(617) 735-8913

Dated:  April 12, 2004

### Rule 7.1 Certification

I hereby certify that I conferred with the Respondent's counsel, Natalie S. Monroe, by telephone on April 12, 2004. The parties were unable to resolve or narrow the issues presented in this opposition.

_____
Alan D. Campbell

### Certificate of Service

I hereby certify that on April 12, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon counsel for the Respondent, Natalie S. Monroe, AAG, Criminal Bureau, One Ashburton Place, Boston, MA 02108.

_____
Alan D. Campbell