UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
JOSE RAMIREZ,                  )
      Petitioner,              )
                               )
vs.                            )          CIVIL ACTION
                               )          NO. 03-40281-FDS
STEVEN J. O'BRIEN,             )
      Respondent               )
                               )
_____)
```

REPORT AND RECOMMENDATION
March 9, 2005

**SWARTWOOD, C.M.J.**

Nature of the Proceeding

By Order of Reference dated September 1, 2004, Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Docket No. 9) was referred to me for Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(B).

Nature of the Case

Jose Ramirez ("Mr. Ramirez" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody alleging the following two grounds for relief: a violation of his Sixth Amendment right to be confronted with the witnesses against him (as a result of the admission into evidence of various materials containing hearsay information) and a violation of his Fifth Amendment privilege against self incrimination (the denial of his motion to suppress statements made

to the police in response to an officer's request for his name where he had not been given Miranda warnings).

Respondent asserts that Mr. Ramirez has failed to exhaust his state court remedies with respect to his first asserted ground for relief. Respondent further asserts that under the circumstances, Mr. Ramirez must either delete the unexhausted claim or face dismissal of his Petition. Mr. Ramirez contends that all of his claims are fully exhausted. However, should this Court find that his first claim for relief is unexhausted, Mr. Ramirez requests that this Court stay further proceedings on his Petition to permit him to return to state court and exhaust that claim.

## Facts

1. Petitioner was convicted of trafficking in cocaine as a joint venturer. Commonwealth v. Ramirez, 55 Mass.App.Ct. 224, 770 N.E.2d 30 (2002).

2. The Petitioner appealed his conviction and the subsequent denial of his motion for a new trial to the Massachusetts Appeals Court ("MAC") on, among other grounds, that: (1) the motion judge erred by denying his motion to suppress a statement he made to the police (in which he had provided them with a false name) prior to his having been given Miranda warnings; and (2) the trial court erroneously admitted into evidence various business cards and a receipt containing hearsay information. Id. at 225, 770 N.E.2d at 32.

3.   The MAC affirmed Petitioner's conviction. In doing so, the MAC ruled that the business cards found on Petitioner's person constituted hearsay and should have been excluded.[1] The MAC determined, however, that admission of such evidence was "not prejudicial error". Id. at 228, 770 N.E.2d at 34.

4.   The Petitioner filed an Application For Leave To Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"), in which he raised the following two claims for relief: (1) whether the MAC applied the wrong standard of review in determining that the improper admission of hearsay evidence was harmless; and (2) whether the MAC erred in affirming the motion judge's denial of Petitioner's motion to suppress his statement to the police in which he gave them a false name. See Mem. In Sup. Of Resp's. Mot. To Dismiss (Docket No. 10), Ex. A (ALOFAR), at p. 7.

5.   The SJC denied Petitioner's ALOFAR. Commonwealth v. Ramirez, 437 Mass. 1108 (2002).

## Discussion

### The Exhaustion Doctrine

A federal court may not consider an application for a writ of habeas corpus filed by a person in state custody, unless the

---

[1] The MAC found that a receipt which had been found on the Petition was admissible for a limited purpose. Petitioner's counsel did not request, and no limiting instruction was given, concerning the purpose for which the receipt could properly be considered by the jury. Ramirez, 55 Mass.App.Ct. at 228 n.3, 770 N.E.2d at 34 n. 3.

petitioner has exhausted his/her state court remedies with respect to all claims raised in such application. See 28 U.S.C. § 2254 (b); see also Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982). In order to satisfy the exhaustion requirement, a petitioner must establish that the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997) (citing Picard v. Connor, 404 U.S. 270, 276-277 (1971)). Thus, the petitioner's claims must have been "presented 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question,' for example, by 'specific constitutional language, constitutional citation, [or] appropriate federal precedent'." Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (internal citations and citation to quoted case omitted). However, a petitioner's "passing reference" to a federal constitutional issue is not sufficient to satisfy the fair presentment requirement. Id.

It is the Petitioner's burden to demonstrate that all claims asserted in his petition are exhausted. Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002)(petitioner bears "heavy burden" of demonstrating satisfaction of exhaustion requirement). "To carry that burden, the petitioner must show that `he tendered his federal claim [to the state's highest court] in such a way as to make it probable that a reasonable jurist would have been alerted to the

existence of the federal question'". Id. (alterations in original, citation to quoted case omitted).

### Whether Ground One Of The Petition Was Exhausted

The MAC determined that the business cards found on the Petitioner at the time of his arrest should have been excluded as hearsay, and that a receipt found on his person should only have been admitted for a limited purpose.$^2$  The MAC then determined that because the business cards and receipt, which it found were admitted for the purpose of bolstering the credibility of the co-operating witness who testified at trial, "went to a collateral issue and [were] cumulative of other evidence submitted on that issue" ... [their] admission was not prejudicial error". Ramirez, 55 Mass.App.Ct. at 228, 770 N.E.2d at 34.

In his ALOFAR, Petitioner asserted that the business cards which were found in his wallet at the time of his arrest and which were admitted into evidence at his trial, were inadmissible hearsay.  Petitioner did not cite the Confrontation Clause or the Sixth Amendment.  Petitioner did cite to two federal cases: United States v. Vigneau, 187 F.3d 70, 74-77 (1st Cir. 1999) and United States v. Patrick, 959 F.2d 991, 1000-1003 (D.C.Cir. 1992).

---

$^2$The MAC did not cite Federal constitutional law.  None of the cases cited by the MAC referred to Federal constitutional law.  It would have been helpful if the Petitioner, who bears the burden of establishing that his claim was exhausted, had provided the Court with copies of the briefs which were filed with the MAC in support/opposition of his appeal.  However, neither party did so and therefore, it is unclear as to whether Petitioner raised a Confrontation Clause violation in his submissions to the MAC.

However, in <u>Patrick</u>, the D.C. Circuit addressed whether certain business cards/receipts should have been admitted under the Federal Rules of Evidence and never mentioned the Confrontation Clause. In <u>Vigneau</u>, the First Circuit did make a passing reference to the fact that admission of hearsay can potentially violate the Confrontation Clause. However, the Court's analysis was limited to whether the hearsay at issue should have been admitted under the Federal Rules of Evidence.

Although Petitioner's ALOFAR addressed the admissibility of the business cards/receipt, the primary focus of his appeal concerned whether the MAC erred in concluding that although such evidence should have been excluded, its admission was not prejudicial. Specifically, Petitioner asserted that because the hearsay evidence which was improperly admitted went to a "principle issue at trial", its admission "was not harmless beyond a reasonable doubt." In support of this argument, in addition to state law authorities, Petitioner cited the Sixth Amendment and <u>Schneble v. Florida</u>, 405 U.S. 427 (1982). The context of the discussion to which these citations related was whether the improper admission of hearsay evidence against the Petitioner constituted harmless error.[3] Petitioner argues that his argument

---

[3] As pointed out by the Petitioner, <u>Schneble v. Florida</u>, 405 U.S. 427 (1982), contains a discussion of whether the admission of a co-defendant's confession violated the Confrontation Clause. However, the specific page cited by the Petitioner contained only a discussion of the harmless error standard. Petitioner did not cite to those pages of the case which included the Confrontation Clause discussion.

6

that admission of the hearsay evidence was not harmless error necessarily alerted the SJC that he was raising a constitutional claim.

It is true that Massachusetts applies the harmless error standard to claims of constitutional error, while the prejudicial standard of review is applied to non-constitutional errors. See Commonwealth v. Vinnie, 428 Mass. 161, 163, 698 N.E.2d 896, 900, *cert. denied*, 526 U.S. 1007 (1998)(abrogated on other grounds). However, the crux of the Petitioner's argument in his ALOFAR was that the introduction of "inadmissible hearsay" evidence did not constitute harmless error because that evidence bolstered the credibility of the co-operating witness. The Petitioner never expressly, or even by inference, argued that the MAC erred by failing to apply the harmless error standard in the context of a Confrontation Clause violation. The remainder of Petitioner's argument to the SJC addressed whether the MAC erred by failing to properly apply the "non-constitutional" prejudice standard set forth in Commonwealth v. Esteves, 429 Mass. 636, 710 N.E.2d 963 (1999); see ALOFAR, at p. 11.

In order to alert the SJC that he was raising a federal constitutional claim, Petitioner was required to do more than make a brief argument that admission of hearsay evidence against him constituted harmless error and include, as part of a string cite, a bare reference to a Supreme Court case (as to which he did not

cite the part of the opinion which discussed a potential Confrontation Clause violation) and the Sixth Amendment. Under these circumstances, I cannot find that Petitioner's ALOFAR fairly presented a Confrontation Clause claim to the SJC.

For the reasons set forth above, I find that Ground One of the Petition is unexhausted and therefore, unless Petitioner agrees to voluntarily dismiss that claim, Respondent's motion to dismiss would be allowed. Since Petitioner has indicated that he intends to amend his Petition to delete the unexhausted claim, Respondent's motion to dismiss should be denied, without prejudice.

In the event that this Court determines that Ground One of the Petition is unexhausted, Petitioner has requested that this Court consider his motion to stay further proceedings on his exhausted claim, so that he may return to state court to exhaust Ground One. Respondent argues that Petitioner's request for a stay be denied because he "has made no showing of merit, exceptional circumstances, or clear injustice." <u>Resp's Reply Brief In Further Sup. Of His Mot. To Dismiss</u>.

<u>Mr. Ramirez's Stay Request</u>

The Respondent concedes that Petitioner has exhausted Ground Two of his Petition and therefore, this Court is presented with a mixed petition, *i.e.*, a petition that contains both exhausted and unexhausted claims. Since a federal court can review only fully exhausted claims, a mixed petition is subject to dismissal, unless

the unexhausted claim is deleted. See Pliler v. Ford, 124 S.Ct. 2441, 2445 (2004)(citing Rose, 455 U.S. at 510, 102 S.Ct. 1198).

Prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") becoming effective, a petitioner that had presented a mixed petition was left with the option of either: (i) voluntarily deleting the unexhausted claim and obtaining immediate federal review of the fully exhausted claim(s)[4], or (ii) dismissing the entire petition without prejudice, returning to state court to exhaust the unexhausted claims, and refiling the fully exhausted petition. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 75-76 (1st Cir. 2002). However, the AEDPA amended Section 2254 to impose a one year statute of limitations period on the filing of all non-capital habeas petitions in federal courts. See 28 U.S.C. § 2244(d)(1). Because the tolling provisions set forth in Section 2244 apply only to post-conviction proceedings pending in state court, a petitioner who opts to dismiss his/her petition without prejudice and return to state court to exhaust any unexhausted claims, may be time-barred from thereafter refiling a fully exhausted petition in this Court. See Pliler, 124 S.Ct. at 2445; Nowaczyk, 299 F.3d at 79.

To remedy this situation, numerous federal courts, including the First Circuit, have approved a so-called "stay-and-abeyance

---

[4] Since federal courts will review subsequent petitions only under limited circumstances, a petitioner choosing this alternative risks forever being barred from obtaining federal habeas review of the unexhausted claim(s).

procedure" whereby a petitioner who has presented a mixed petition and would be in danger of violating the one year statute of limitations upon returning to state court to exhaust his/her state remedies, may request that the federal court retain jurisdiction over the exhausted claims "`and stay further proceedings pending the complete exhaustion of state remedies'". Akins v. Kenney, 341 F.3d 681, 686 (8th Cir. 2003)(citation to quoted case omitted); Gaskins v. Duval, 336 F.Supp.2d 66, 68 (D.Mass. 2004)(First Circuit has approved stay-and-abeyance procedure); see also Brambles v. Duncan, 330 F.3d 1197, 1203 (9th Cir. 2003); Newell v. Hanks, 283 F.3d 827, 834 (7th Cir. 2002) (staying a habeas action is the "right step to take"); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002); Zarvela v. Artuz, 254 F.3d 374, 379-380 (2$^d$ Cir. 2001) ("the enactment of AEDPA warrants some adjustment in the pre-AEDPA requirement of Rose v. Lundy that mixed petitions be dismissed in their entirety" and permitting the use of stays conditioned on "the petitioner's initiation of exhaustion within a limited time period"), but see Akins, 341 F.3d 681, 686 (8th Cir. 2003) ("a district court has no authority to hold a habeas petition containing unexhausted claims in abeyance absent truly exceptional circumstances"); Graham v. Johnson, 168 F.3d 762, 799-780 (5th Cir. 1999). The Supreme Court has yet to determine "the propriety of this stay-and-abeyance procedure". Pliler, 124 S.Ct. at 2446 (without addressing whether procedure is appropriate, Supreme Court

held that federal court is not required to advise petitioner of availability of procedure).

Since the filing of his Petition in this Court did not toll the running of the statute of limitations, unless this Court retains jurisdiction over this matter and allows Mr. Ramirez's motion to stay, he would be barred by Section 2244's one year statute of limitations from returning to state court to exhaust Ground One and then filing a subsequent petition in this Court. Under those circumstances, he would be barred from obtaining federal habeas review of what could be a meritorious claim. At the same time, although Mr. Ramirez's exhausted claim is not on its face devoid of merit, given the deference which the AEDPA requires be afforded the state court's ruling, that claim is somewhat dubious. Furthermore, it is questionable whether the state court will even address the merits of Petitioner's Confrontation Clause claim since it appears that he failed to raise this issue on direct appeal or in his first motion for new trial. See Mass.R.Ct. 30(c)(2).

Whether a stay is warranted in this case is a close call. However, the First Circuit has "strongly recommended" applying the stay-and-abeyance procedure where dismissal of a mixed petition could result in "foreclosure [of] future federal review of claims raised therein" as the result of the AEDPA's one year statue of limitation. Gaskin, 335 F.Supp.2d at 68 (citing Neverson v.

Farquharson, 366 F.3d 32, 42-43 (1st Cir. 2004)). Therefore, I find Petitioner's request for a stay should be granted.

If this Report and Recommendation is adopted by Judge Saylor and/or unless otherwise directed by him, then on or before April 1, 2005, Petitioner shall file his motion to amend his Petition to delete Ground One. If in that motion Petitioner indicates that he is pursuing his request for a stay, then this Court shall retain jurisdiction over the Petition and all further proceedings thereon shall be stayed until July 1, 2005 to permit Petitioner to return to state court to exhaust Ground One. Petitioner should promptly inform the Court of any relevant rulings by the state court. If, on the other hand, Petitioner decides to dismiss Ground One and obtain immediate habeas review of his exhausted claim, *i.e.*, forgo returning to state court to exhaust his state court remedies with respect to that claim, he should so indicate in his motion to amend his Petition to delete Ground One and the matter will not be stayed. If Petitioner fails to file a motion to amend his Petition to delete Ground One on or before April 1, 2005, then Respondent may renew his motion to dismiss the Petition.

## Conclusion

I recommend that Respondent's Motion to Dismiss Petitioner's Writ of Habeas Corpus (Docket No. 9) be denied, without prejudice, in accordance with this Report and Recommendation. Petitioner's request for a stay, see Petitioner's Opp. To Mot. To Dismiss

<u>Petition For writ Of Habeas Corpus</u> (Docket No. 12), should be granted in accordance with this Report and Recommendation.

### Notice to Parties

The parties are advised that under the provisions of Rule 3(b) of the Rules for the United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court WITHIN 10 DAYS of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of those proposed findings, recommendations, or report to which objection is made and the basis of such objection. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court's order entered pursuant to this Report and Recommendation. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F. 2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980). <u>See</u> <u>also</u>, <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985).

/s/ Charles B. Swartwood
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE