**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| **JOSE RAMIREZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Civil Action No.** |
| **v.** ) | **03-40281-FDS** |
| ) | |
| **STEVEN J. O'BRIEN,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner

Jose Ramirez was convicted in state court of trafficking in cocaine as a joint venturer. He alleges

that his convictions were obtained in violation of his Sixth Amendment right to be confronted

with the witnesses against him and his Fifth Amendment privilege against self-incrimination.

Respondent Steven J. O'Brien moved to dismiss the petition on March 16, 2004, pursuant to 28

U.S.C. § 2254(b)(1), on the grounds that petitioner had failed to exhaust his state court remedies

as to Ground One, the Sixth Amendment claim.

This matter was referred to Magistrate Judge Charles B. Swartwood III on September 1,

2004, for findings and a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate

Judge issued his Report and Recommendation on March 9, 2005, which recommended that

respondent's Motion to Dismiss be denied without prejudice in order to provide petitioner with an

opportunity either to (1) file a motion to amend to delete the Sixth Amendment claim or (2) seek

a stay in this Court in order to seek immediate habeas review of that claim in state court.

Neither petitioner nor respondent has filed any objections to the Report and Recommendation, and the Court is aware of no reason not to adopt the Magistrate Judge's findings and recommendation, other than as to minor details of the order. Accordingly, the Report and Recommendation of the Magistrate Judge is hereby adopted, with the modification set forth below as to the terms of the order:

On or before April 15, 2005, petitioner must either (1) file a motion to amend his petition to delete Ground One, which alleges a violation of his Sixth Amendment right to confront the witnesses against him, or (2) file a motion with the Court seeking a stay of these proceedings on the grounds that petitioner is seeking immediate habeas review of that claim in state court.

If petitioner moves to amend his petition to delete Ground One, respondent shall file any opposition to that motion in accordance with Local Rule 7.2(B)(2).

If petitioner moves for a stay of these proceedings on the basis that he has sought state court habeas review of the Sixth Amendment claim, this Court shall retain jurisdiction over the petition and all further proceedings shall be stayed until further order of the Court. Petitioner shall inform the Court of the date on which habeas relief was requested in state court, and shall promptly inform the Court of any relevant rulings by any state court. Petitioner shall further file a report with the Court on or before July 1, 2005, setting forth the status of his state court habeas petition.

If petitioner takes no action by April 15, 2005, respondent may renew his motion to dismiss at any time.

The Motion to Dismiss the Petition for Writ of Habeas Corpus, filed March 16, 2004, is

DENIED WITHOUT PREJUDICE.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 24, 2005