UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE RAMIREZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVEN J. O'BRIEN, )<br>)<br>Respondent. )<br>) | Civil Action No. 03-40281 |

RESPONDENTS' OPPOSITION TO
PETITIONER'S MOTION TO AMEND

Now comes the respondent Steven J. O'Brien, through his attorney, and respectfully submits this opposition to the petitioner's motion to amend the petition for habeas corpus. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Prior Proceedings

A.   State Court Proceedings

On December 21, 1998, Ramirez was convicted of trafficking in 200 or more grams of cocaine. *See Commonwealth v. Ramirez*, 55 Mass. App. Ct. 224, 770 N.E.2d 30 (2002). Ramirez timely appealed to the Massachusetts Appeals Court, which affirmed his conviction. *Id.* Ramirez then filed an Application for Further Appellate Review (his "ALOFAR") with the Massachusetts Supreme Judicial Court (the "SJC"). Ramirez raised two objections in his ALOFAR. *See* Exhibit A . First, he complained that the trial court wrongly admitted into evidence business cards and a health club receipt that had been found in Ramirez's wallet. *See* Ex. A at 7. According to Ramirez, the documents were inadmissible hearsay. *Id.* at 7-12. In his

ALOFAR, Ramirez did not argue that admission of these documents violated any federal law or his federal constitutional rights. *Id.* Second, Ramirez also claimed that the police failed to give him a *Miranda* warning before asking him his name. *Id.* This objection was raised as a constitutional issue. *Id.* On September 6, 2002, the SJC denied further review. *Commonwealth v. Ramirez*, 437 Mass. 1108, 774 N.E.2d 1099 (2002) (table).

On April 19, 2005, the petitioner filed a motion for new trial in Hampden Superior Court. *See* Ex. 1. On September 28, 2005, the court (McDonald, J.) denied the motion for a new trial. *Id.* The petitioner appealed. *Id.* On December 18, 2006, in an unpublished decision pursuant to Rule 1:28, the Appeals Court affirmed the denial of the motion for a new trial. *See* Ex. 2 and 3. The petitioner filed an ALOFAR in the SJC that was also denied. *See* Ex.4.

      **B.**    **Federal Habeas Petition**

On December 4, 2003, Ramirez filed the instant habeas petition asserting two grounds for relief. Ground One of the petition avers that the admission of the business cards and health club receipt violated Ramirez's "Sixth Amendment right to confront the witnesses against him." *See* Petition at ¶ 12A. In Ground Two, Ramirez repeats the *Miranda* claim he raised in state court. *Id.* at ¶ 12B. On March 16, 2004, the respondent filed a motion to dismiss, along with a memorandum of law in support thereof, arguing that Ground One of Ramirez's petition was unexhausted. *See* Docket at 9 and 10. The petitioner filed an opposition to the motion to dismiss. On March 9, 2005, this Court (Swartwood, U.S.M.J.) issued a report and recommendation denying the motion to dismiss and allowing the motion to stay the petition. *See* Docket at 19. On March 24, 2005, this Court (Saylor, J.) entered a memorandum and order denying the respondent's motion to dismiss and allowing the stay.

On March 2, 2007, the petitioner filed a motion to amend the petition for a writ of habeas corpus to add a third claim to his petition.  Ground three of the petitioner claims that counsel's failure to expressly raise the federal nature of the petitioner's hearsay claim in his direct appeal denied him the right to effective assistance of counsel.  *See* Motion to Amend at p. 1.  The respondent submits this opposition to the petitioner's motion to amend.

### ARGUMENT

**THE PETITIONER SHOULD NOT BE ALLOWED TO AMEND HIS PETITION FOR HABEAS CORPUS WHERE THE NEW CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL DOES NOT RELATE BACK TO THE ORIGINAL TIMELY FILED PETITION.**

The Supreme Court has restricted the ability of habeas petitioners to amend and add claims to a timely-filed petition.  *See Evans v. Thompson*, 465 F. Supp. 2d 62, 72 (2006), citing *Mayle v. Felix*, 545 U.S. at 662-64.  "Rule 15(c) allows amend claims to 'relate back' to an original, timely filed pleading if they 'arose out of the [same] conduct, transaction or occurrence.'"  *Evans v. Thompson*, 465 F. Supp. 2d at 72, *quoting* Fed. R. Civ. P. 15(c).  However, an amended habeas petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.  *See Mayle v. Felix*, 545 U.S. at 650.  In the instant petition, the petitioner originally asserted in ground one of the petition that the admission of the business cards and health club receipt violated Ramirez's "Sixth Amendment right to confront the witnesses against him."  *See* Petition at ¶ 12A.  In ground two, Ramirez repeats the *Miranda* claim he raised in state court.  *Id.* at ¶ 12B.  Now, in his motion to amend, the petitioner wants to raise an ineffective assistance of appellate counsel claim.  *See* Petitioner's Motion to Amend at p.1  This he cannot do.  The

3

manner by which appellate counsel asserted his claims on direct appeal does not relate back to his original timely filed claims relative to the admission of hearsay and self-incrimination. *See* Petition at ¶¶ 12 A and B. As the Supreme Court explained, Congress enacted AEDPA to advance the finality of criminal convictions. *See Mayle v. Felix*, 545 U.S. at 662, citing *Rhines v. Weber*, 544 U.S. 269 (2005). For this reason, Congress adopted a strict time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *See Mayle v. Felix*, 545 U.S. at 662, *citing* 28 U.S.C. § 2244(d)(1)(A). Thus, claims asserted after the one-year period cannot be revived merely because they relate to the same trial, conviction or sentence as a timely filed claim. *Id.* Accordingly, the motion to amend the petition should be denied.

## CONCLUSION

For the reasons set forth above, this Court should deny Ramirez's motion to amend his petition for a writ of habeas corpus.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: March 12, 2007                                        BBO # 635431

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 12, 2007.

/s/ Eva M. Badway
Eva M. Badway