# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 03-40281-FDS |
| | ) | |
| STEVEN J. O'BRIEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER
## ON MOTION TO AMEND PETITION

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Jose Ramirez was convicted in state court of trafficking in cocaine as a joint venturer. He alleges that his convictions were obtained in violation of his Sixth Amendment right to be confronted with the witnesses against him and his Fifth Amendment privilege against self-incrimination. Respondent Steven J. O'Brien moved to dismiss the petition on March 16, 2004, pursuant to 28 U.S.C. § 2254(b)(1), on the grounds that petitioner had failed to exhaust his state court remedies as to Ground One, the Sixth Amendment claim.

This matter was referred to Magistrate Judge Charles B. Swartwood III on September 1, 2004, for findings and a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued his Report and Recommendation on March 9, 2005, which recommended that respondent's motion to dismiss be denied without prejudice in order to provide petitioner with an opportunity either to (1) file a motion to amend to delete the Sixth Amendment claim or (2) seek

a stay in this Court in order to seek immediate habeas review of that claim in state court. This Court adopted the recommendation on March 24, 2005.

Petitioner then filed a motion for new trial in state court, and the federal proceedings were stayed. His efforts in the state court were unsuccessful, and the Massachusetts Supreme Judicial Court denied his application for further appellate review on February 1, 2007.

Petitioner now seeks leave to amend the petition to add a third claim: that his counsel's failure to raise a federal constitutional claim as to the admission of hearsay evidence in his direct appeal denied him the right to effective assistance of counsel.

The proposed amendment was timely filed within the one-year limitations period only if it relates back to the filing of the original petition in 2003. Fed. R. Civ. P. 15(c)(1)(B) permits amended claims to relate back when they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." An amendment to a habeas petition does not relate back to the filing of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those in the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). A claim arising out of an alleged error at the trial or on appeal does not, by that fact alone, arise out of the same conduct, transaction, or occurrence as any other claim arising out of the trial or appeal. *Id.* at 661.

Here the original petition contends that the admission of hearsay at trial violated his Sixth Amendment rights under the Confrontation Clause. Petitioner now seeks to add a claim of post-trial misconduct: that counsel's failure to raise the Sixth Amendment issue in his direct appeal constituted ineffective assistance of counsel. While the claims are not wholly unrelated, the ineffective assistance claim requires proof of facts that differ substantially, if not entirely, from the

admission of hearsay claim, and is based upon an entirely different principle of law.  Accordingly, the two claims differ sufficiently such that the ineffective assistance claim would not relate back to the filing of the original petition.  *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (ineffective assistance claim did not relate back to filing of original petition); *United States v. Hernandez*, 436 F.3d 851, 857-58 (8th Cir. 2006) (same); *United States v. Espinoza-Saenz*, 235 F.3d 501, 504-05 (10th Cir. 2000).

Accordingly, amendment of the petition as requested would be futile, as the new claim would be time-barred.  The motion to amend the petition is therefore DENIED.

**So Ordered.**

                                         /s/ F. Dennis Saylor  
                                         F. Dennis Saylor IV  
                                         United States District Judge

Dated: April 8, 2008